

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2007

# Dong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"Dong v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1640.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1640

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4140

XIAN CHUN DONG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96 435 183)
Immigration Judge: Honorable Walter A. Durling

Argued January 19, 2007

Before: SLOVITER, RENDELL and CUDAHY*, <u>Circuit</u> <u>Judges</u>.

(Filed February 9, 2007)

Nicole S. Morris    **[ARGUED]**
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA  19104

*Honorable Richard D. Cudahy, Senior Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
Michael R. Carroll

Dechert
P.O. Box 5218
Princeton Pike Corporate Center
Princeton, NJ  08543-5218
   *Counsel for Petitioner*

Richard M.  Evans
Emily A.  Radford
Allen W.  Hausman
Blair T.  O'Connor     **[ARGUED]**
Patricia A.  Smith
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
   *Counsel for Respondent*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

Xian Chun Dong petitions for review of the decision of the Board of Immigration Appeals ("the Board") denying his application for asylum, application for withholding of removal under the Immigration and Nationality Act, and request for withholding of removal under Article 3 of the Convention Against Torture.

**I.**

Dong, a single 17-year-old native of China, applied for asylum, withholding of removal and protection under the Convention Against Torture after arriving in the United States in September 2003.  Dong argued that he is eligible for a grant of asylum for

2

several reasons. He alleged that he has a well founded fear that he will be persecuted if he returns to China because he is a member of a family that has resisted China's "one child" policy and because the Chinese government has imputed to Dong his parents' political opinions opposing the "one child" policy. Dong argued that his family constitutes a persecuted "social group," of which Dong is a member. Dong also alleged that he has a well founded fear of persecution because he believes that, upon his return to China, the government will arrest him for leaving the country illegally and will harm him.

At a hearing before an Immigration Judge ("IJ"), Dong presented evidence that the Chinese government forced his mother to undergo a medical procedure to insert an IUD in order to prevent her from having a second child, and that his father had openly protested China's "one child" policy and, as a result, was jailed and beaten by government officials. Dong noted that his father became mentally ill after he was released from jail and that his family could not afford to pay for his hospital expenses. Dong further testified that the Chinese government seized the family's farm and that he and his mother were forced to work for low wages in a restaurant in order to support themselves. Dong attended school only until his graduation from elementary school. Dong stated at the hearing that he fears that, if returned to China, he will be detained and beaten because he fled from his country, and noted that a child from his valley was mistreated in this way after being sent back to China.

The IJ concluded that there was insufficient evidence in the record to substantiate Dong's claim that he would be persecuted in the future because of his illegal departure

3

from China.  The IJ did find, however, that Dong had established his past persecution based on the persecution of his parents for their opposition to China's "one child" policy. The IJ based his reasoning on the Board's decision in *Matter of CYZ*, 21 I. & N. Dec. 915 (BIA 1997), in which the Board found that the past political persecution of a spouse for her opposition to China's "one child" policy established the other's spouse's past political persecution.  The IJ concluded that Dong's parents had been persecuted based on the fact that Dong's family's land was confiscated, his father was jailed and beaten in jail, and that his father thereafter suffered from mental illness.  Based on the legal determination that Dong was able to stand "in the shoes of his parents, respectively, to qualify for asylum," the IJ found that Dong was eligible for a discretionary grant of asylum.

However, the IJ ultimately exercised his discretion to deny Dong asylum because Dong used a smuggler to enter the United States, but then granted Dong's request for withholding of removal based on his finding that Dong had made the requisite showing of a "clear probability" of persecution if he returned to China.  The IJ did not address Dong's claim under the Convention Against Torture because he granted Dong's request for withholding of removal.

On appeal, the Board vacated the decision granting Dong's application for withholding of removal and affirmed, on different grounds, the denial of Dong's application for asylum.  The Board found that Dong could not claim past political persecution based solely on the past political persecution of his parents for their opposition to China's "one child" policy and that Dong had not been personally harmed

4

to a degree sufficient to establish his own past persecution. The Board also concluded that Dong's fear of being harmed on his return to China because he left China illegally was not sufficient to establish his eligibility for asylum. Finding that Dong was therefore ineligible for a discretionary grant of asylum, the Board concluded that Dong had accordingly also failed to satisfy the higher standard required to grant withholding of removal. The Board did not address Dong's claim under the Convention Against Torture because neither party appealed the IJ's ruling on that claim.

## II.

We have jurisdiction to review the Board's decision pursuant to 8 U.S.C. § 1252(a)(1). When the Board both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the Board. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We treat the Board's findings of fact as conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "A determination of whether an asylum applicant has suffered from 'persecution' or whether that individual has a 'well-founded fear of persecution' is factual and thus is entitled to deference." *Wang v. Gonzales*, 405 F.3d 134, 138 (3d Cir. 2005).

Here, the Board did not disturb the IJ's factual findings that Dong was credible or that Dong's parents had been persecuted for their opposition to China's "one child" policy, but rejected the IJ's conclusion that based on *Matter of CYZ*, 21 I. & N. Dec. 915 (BIA 1997), the past political persecution of Dong's parents could establish Dong's own

5

past persecution and eligibility for a grant of asylum. The Board reasoned that although "there is no bright-line rule that persecution of parents can never b[e] regarded as persecution of a minor child and such cases must be decided on an individual basis; [] we do not find eligibility for relief demonstrated on this record." The Board also found that the harm suffered by Dong himself did not rise to the level of persecution.

We find no basis upon which to disturb the Board's findings that Dong failed to establish that he suffered persecution in the past, either based on his family's past persecution or based on the economic hardship he suffered due to the Chinese government's actions. We have previously upheld the Board's conclusion that "refugee," as defined in 8 U.S.C. 1101(a)(42), does not necessarily include the child of a person deemed to have suffered past persecution because he or she violated or resisted China's family planning policies. *See Wang*, 405 F.3d at 142-43 (upholding Board's determination that child petitioner, who alleged past persecution based on the forced sterilization of his mother as well as based on other government action against his family, was not eligible for asylum based on his family's past political persecution). Nothing about the particular circumstances of this case compels us to view Dong's situation as materially different from that of the petitioner in *Wang* such that we would conclude that Dong can claim asylum based on the persecution of his parents.

Nor do we find any basis to disturb the Board's finding that the harm personally suffered by Dong was not so severe as to rise to the level of persecution. Although we

6

have held that "the deliberate imposition of severe economic disadvantage which threatens a petitioner's life or freedom may constitute persecution," *Li v. Attorney General*, 400 F.3d 157, 168 (3d Cir. 2005), the economic harm suffered by Dong was no greater, and in fact seems less severe, than the harm suffered by the child petitioner in *Wang*. There, we did not disturb the Board's finding that the harm suffered by the petitioner did not rise to the level of persecution. *See id.*, 405 F.3d at 143-44 (refusing to disturb the Board's conclusion that petitioner had not established that the past harm he experienced rose to the level of persecution even though evidence established that the government destroyed petitioner's family's home, property and equipment necessary to run the family business).

The Board did not address whether Dong was persecuted "on account of" his membership in a particular social group because it found that the economic harm he suffered did not rise to the level of persecution. Since we find no basis to disturb the Board's finding that Dong was not persecuted, we likewise need not reach the question of whether Dong was injured "on account of" being a member of his family social group. We also agree that Dong's fear of being harmed for having left the country illegally does not establish a well founded fear of persecution "*on account of*" one of the grounds enumerated the statutory definition of "refugee" in the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42) (including in definition of "refugee" the requirement that the alien have a well-founded fear of persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion").

7

As for Dong's claim for withholding of removal under the Immigration and Nationality Act, the Board correctly concluded that, because Dong did not establish his eligibility for a grant of asylum, he could not demonstrate his eligibility for withholding of removal. *See Janusiak v. INS*, 947 F.2d 46, 47-48 (3d Cir. 1991). Finally, we do not address Dong's claim under the Convention Against Torture because Dong did not appeal the IJ's decision on this claim to the Board and therefore failed to exhaust his administrative remedies as to this claim. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003)("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim.").

## IV.

For the foregoing reasons, we will deny the petition for review.